the coupling devices failed to function properly on occasion, not that the particular device involved failed to work on the occasion in question. Accordingly, even though the film would have been useful in rebutting that testimony, its exclusion, if error, and we intimate no view on that question, was not prejudicial.

The further allegations regarding our interpretation of the coverage of the Safety Appliance Act are rejected for the reasons set forth in our original opinion.

Denied.

■

**UNITED STATES of America,**
**Appellee,**

v.

**Earl Gilbert KIRKMAN, Appellant.**

No. 13010.

United States Court of Appeals
Fourth Circuit.

Argued April 11, 1969.

Decided May 5, 1969.

E. L. Alston, Jr., Greensboro, N. C. (Alston, Pell, Pell & Weston, Greensboro, N. C., on brief), for appellant.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

PER CURIAM:

Consideration after examination of the briefs and oral argument discloses no reversible error or any essential unfairness in the trial. The conviction is affirmed.

Affirmed.

■

**SOUTHERN PACIFIC COMPANY,**
**Appellant,**

v.

**Lloyd M. MAHL, Sr., Appellee.**

**Lloyd M. MAHL, Sr., Appellant,**

v.

**SOUTHERN PACIFIC COMPANY,**
**Appellee.**

No. 25937.

United States Court of Appeals
Fifth Circuit.

March 24, 1969.

Harry McCall, Jr., Chaffe McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for Southern Pac. Co.

Ivor A. Trapolin, New Orleans, La., for Mahl.

ON PETITION FOR REHEARING

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

Counsel for the railroad petitions for rehearing contending, first, that the issue of defective design was posed under both the negligence and the Safety Appliance counts of the complaint and therefore that the trial court's exclusion of a film showing operation of the type of uncoupling device involved in the accident constituted prejudicial error. The Federal Safety Appliance Act count, however, as the trial court charged, dealt solely with the performance of the particular couplers involved in the accident on the occasion in question. Since the film would show only that some of the coupling devices of the type involved in the accident worked properly, it is unlikely that the exclusion of the film affected the verdict on that count. See main opinion, 406 F.2d 1201, note 2. Conversely, the testimony of other employees regarding the difficulty encountered by them in manipulating couplers of the same type showed only that some of